THE STATE v. K. C. POPE.

*Fornication and Adultery—Evidence.*

Evidence that defendants, indicted for fornication and adultery, lived for some time in the house of male defendant, but occupied different rooms; that female defendant washed and cooked and performed other housekeeping duties; that she had two children when she went there, and one was born afterwards, but there was no other evidence of improper relations, or that the woman was unmarried, or that her children were bastards, was not sufficient to be submitted to the jury, and a verdict of guilty thereon should be set aside.

INDICTMENT against K. C. Pope and Nettie Dunn for fornication and adultery, tried before *Connor, J.*, at April Term, 1891, of EDGECOMBE Superior Court.

The defendant Pope alone was on trial. There was a verdict of guilty and judgment, from which he appealed to this Court. The case on appeal is as follows:

Walter Pope, a witness for the State, testified as follows: " I lived in the house with the defendant up to about a year ago; there were four or five rooms in the house; the defendant Pope occupied a room by himself; the woman occupied a room connected with the house, but under a different roof. I lived there all the time the woman did, except the last year; I never saw the defendant Pope in the woman's room, nor the woman in Pope's room; never saw anything suspicious between—no intimate relations between them. I never noticed any favor in the children; never heard Pope claim them or say whose they were. The woman had two children when she went there to live, and has given birth to one since she has been living there—at present a child in arms. She washed and cooked and did other work. Pope has no family and is sixty-seven years of age. The witness, the defendant

109 — 54

Pope, the woman and her older children all ate at the same table."

Joseph Hobgood, a witness for the State, testified : " Pope lives in Battleboro. I have been there several times to see him on business. I don't know anything about his living in fornication and adultery with Nettie Dunn."

At this point his Honor took charge of the witness' examination, and asked this question : " Did you notice the favor of this woman's children to anyone ? " · To which witness replied : " There are several sets of children there." His Honor then asked the witness, " What do you mean by several sets of children ? " Witness answered, " I mean children gotten by Pope on women who lived there before this woman."

Counsel for defendant objected to this testimony, saying, " I did not interrupt your Honor in the course of your examination of the witness regarding his adulterous relations with other women, to interpose an objection to such testimony. I desire now to interpose an objection to that testimony, and to move your Honor to exclude the same."

His Honor replied, " Certainly, I will give you the benefit of the objection, and will instruct the jury as to its incompetency."

This was said to counsel in the presence of the jury, but it is not certain that the jury heard and understood the same. The defendant demurred to the evidence, for that there was no evidence of his guilt to go to the jury. His Honor submitted the case to the jury, and the defendant excepted. His Honor omitted to charge the jury that the testimony of Hobgood, above set out and objected to, was incompetent and was not to be considered by them in investigating the guilt of defendant. Exception.

Verdict of guilty, judgment, and defendant appealed.

*The Attorney General,* for the State.
· *Mr. J. B. Batchelor,* for defendant.

STATE *v.* POPE.

DAVIS, J.: The defendant demurred to the evidence, and insisted that there was no evidence of guilt sufficient to go to the jury. There was no evidence in the case on appeal that the woman was a single woman; nor was there any evidence that her child, born while she lived at the house of defendant Pope, was a bastard child; nor was there any evidence, other than indirect and inferential, that the defendants were not husband and wife. There was no evidence sufficient to go to the jury, and the defendant is entitled to a new trial.

It is but just and due to the able, accurate and conscientious Judge before whom the case was tried, to say that the defendant's case on appeal was served upon the Solicitor for the State, and no amendments were suggested or objections made by him. It did not appear in the evidence in the case on appeal·that the woman was unmarried, or that the child born at defendant's house was a bastard. The Solicitor may have overlooked or failed to advert to the evidence, but if he had no evidence other than that set out in the case on appeal, he ought not to have prosecuted the defendant; but we will not do the learned Judge who tried the case the injustice to suppose that the case contained all the evidence, or that he would have permitted a verdict of guilty only upon the evidence set out.

Error.